

**FISH & RICHARDSON**

**VIA ECF**

April 25, 2022

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**MEMO ENDORSED**

Fish & Richardson P.C.
7 Times Square
20th Floor
New York, NY 10036

212 765 5070 main
212 258 2291 fax

ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-27-22

Re: *Surrey Propco LLC v. Denihan Ownership Company, LLC*, Case No. 21-cv-8616 (LAK)

Dear Judge Kaplan:

We represent Defendant Denihan Ownership Company, LLC ("Denihan") in the above-referenced action. We write pursuant to the ECF Filing Practices: Filings Under Seal In Civil and Miscellaneous Cases of Your Honor's Individual Rules of Practice. Based on Plaintiff Surrey Propco LLC's ("Propco's") designation of certain allegedly confidential information as "Highly Confidential - Attorney's Eyes Only" ("AEO"), Denihan requests to file under seal two exhibits attached to the Declaration of Kristen McCallion in support of Denihan's Rule 12(c) Motion for Judgment on the Pleadings and Partial Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction ("Motion"). Denihan also seeks to redact portions of the Motion that quote language directly from and/or summarize the content of these exhibits.

In particular, Denihan seeks leave to file under seal the following exhibits because they were produced by Propco in discovery in this case under an AEO designation:[1]

- Exhibit 2 is the fully executed Sale-Purchase Agreement dated December 3, 2020, and signed by Surrey Realty Associates, LLC and Propco, produced by Propco with the beginning bates number SURREY0000502, excluding the Agreements' exhibits, and designated by Propco as AEO;

- Exhibit 5 is a document titled "TERM SHEET FOR HOTEL MANAGEMENT AGREEMENT FOR THE SURREY NEW YORK" marked "DRAFT FOR DISCUSSION" produced by Propco with the beginning bates number SURREY0002850 and designated by Propco as AEO.

*Lugosch v. Pyramid Co. of Onondaga* provides that documents "may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand." 435 F.3d 110, 124 (2d Cir. 2006) (quoting *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir.1987)). "The burden of demonstrating that a document submitted to a

---

[1] These documents were designated by Propco pursuant to the parties' proposed Stipulated Confidentiality Agreement and Protective Order ("proposed Protective Order"), dated March 10, 2022 (Dkt. 22). Paragraph 10 of the proposed Protective Order acknowledges that the Court has not "made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential and/or Highly Confidential – Attorneys' Eyes Only hereunder." (Dkt. 22 ¶ 10).

fr.com



court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

Propco bears the burden of demonstrating that its information is sealable. Denihan submits this application for leave solely to comply with its obligation under the proposed Protective Order not to publicly disclose Attorney's Eyes Only discovery material produced by another party. Prior to this filing, Denihan informed Propco's counsel of its intent to file the Motion today and sent to Propco's counsel unredacted versions of four exhibits to Denihan's Motion that were produced by Propco under an AEO or Confidential designation and asked whether Propco will seek to seal the entirety of these documents or if it will narrow the scope of this request. Propco de-designated two of the documents it previously designated as Confidential (Exhibits 4 and 6 to the McCallion Declaration) and indicated that it continues to assert that Exhibits 2 and 5 are AEO. Denihan informed Propco that it must file, within three days, a letter explaining the need to seal or redact these materials, and Propco's counsel confirmed that it will file the letter required by Your Honor's rules. Denihan has also narrowly tailored its proposed redactions to its Motion to redact only the portions that quote from or summarize the content of Exhibits 2 and 5 and expects that Propco's letter will also address the need to redact the Motion in light of the presumption in favor of public access to judicial documents.

We are available to discuss this matter further at the Court's convenience.

Respectfully submitted,

/s/ *Kristen McCallion*
Kristen McCallion
FISH & RICHARDSON P.C.
mccallion@fr.com
7 Times Square, 20th Floor
New York, NY 10036

*Counsel for Defendant*

Granted
SO ORDERED
_____
LEWIS A. KAPLAN, USDJ
4/26/22