UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SURREY PROPCO LLC,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/27/22

Petitioner,

-against-                                                                    21-cv-8616 (LAK)

DENIHAN OWNERSHIP COMPANY, LLC,

Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

      Having been awarded judgment on the pleadings [Dkt 50], defendant Denihan Ownership Company, LLC ("Denihan") now moves for an award of attorney fees and costs against Plaintiff Surrey Propco LLC ("Propco"). Propco's position in the underlying dispute, with which the Court assumes familiarity, principally was that it acquired the trademark associated with the now-shuttered *Surrey* hotel, THE SURREY, notwithstanding (1) the nonparty Seller's refusal to represent or warranty in the Purchase Agreement "existence, ownership and availability of any intellectual property, including, without limitation, patents, tradenames (including without limitation, the 'Surrey Hotel' name), and trademarks that may or may not have been used in connection with the Property," (2) the absence in the Purchase Agreement of anything that could be construed as a transfer of any trademarks, and (3) affirmative representations that the Seller was "not in control of the Property," had "limited knowledge of the operation of the hotel on the Premises," had "no responsibility for any acts of, or failure to act" by the hotel's operator: Denihan.

      Section 35 of the Lanham Act imposes only one constraint on the Court's discretion to award fees: The power is reserved for "exceptional" cases. District courts "may determine whether a case is exceptional in the case-by-case exercise of their discretion." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014); *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519, 531 (2d Cir. 2018) (holding that *Octane Fitness* applies to the Lanham Act's identical attorneys' fees provision). However, the Second Circuit has held that the Lanham Act authorizes reasonable attorneys' fees "only on evidence of fraud or bad faith." *Sleepy's LLC*, 909 F.3d at 530.

      Only with some degree of strain can the Court accept that Propco's tenuous legal position – which rests entirely upon one 1926 First Department case, *Stogop Realty Co. v. Marie*

*Antoinette Hotel Co*, 217 N.Y.S. 106 (1st Dep't 1926), and an inventive interpretation of a 1971 lease agreement – was advanced in good faith. Denihan urges the Court to consider those arguments against the backdrop of emails suggesting that at least some Propco personnel, at some point prior to initiating this litigation, were under the impression that (1) Propco did not own the THE SURREY mark and (2) acquiring ownership of the hotel's intellectual property would require an assignment from Denihan. Denihan points also to other litigation conduct, including Propco's purported "conceal[ment] [of] the one document that could have resolved the entire litigation," *i.e.*, the purchase agreement – as grounds for labeling this case "exceptional" and awarding Denihan significant fees.

While the Court is not entirely convinced that Propco's counsel did not commit one or more abuses in litigating this case, Propco's overarching position was that a hotel's name rights in all cases "run with the building." In grounding that argument in *Stogop* and in the text of the 1971 lease, Propco crafted a poor and unsuccessful argument just colorable enough, in my judgment, to escape such a finding. If *Stogop* indeed had carved a substantive exception under which a named building's trademark becomes "attache[d] to the physical premises," then the contested language in the Purchase Agreement (and, by extension, its disclosure) would have been immaterial.

Moreover, the Court granted judgment on the pleadings in this case because it concluded that Propco did not acquire any intellectual property when it purchased the hotel's one-time physical premises. It did not reach that result because Denihan established that *it* owns THE SURREY mark, which the Court has not held.

In sum, the Court has difficulty imagining a case closer to the boundary line that marks an "exceptional" litigation under the Lanham Act. Nevertheless, Denihan's motion for attorney fees and costs [Dkt 56] is DENIED.

SO ORDERED.

Dated:      October 27, 2022

_____
Lewis A. Kaplan
United States District Judge